UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:17-cv-20157-KMM

LUIS SUTHERLIN et al,

       Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al,

       Defendants.
                                           /

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

THIS CAUSE came before the Court upon Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Transfer Venue (ECF No. 18). Wells Fargo seeks to transfer this case to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

The Plaintiffs in this matter, Luis Sutherlin, Miriam Sutherlin, Jaime Saieh, and Moises Saieh, individually and as the beneficiaries of the dissolved trust, JAMCE Trust, and the dissolved trust company, JAMCE Investments Ltd., allege that Wells Fargo is liable to them for the loss of the JAMCE assets, to which Plaintiffs assert a claim. Wells Fargo maintains that it blocked the JAMCE Assets pursuant to regulations issued by the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC") because the JAMCE Corporation was listed by OFAC as a Specially Designated Narcotics Trafficker. *See* Motion to Transfer at 2 (ECF No. 18). Wells Fargo then paid the blocked JAMCE Assets to one of JAMCE's judgment creditors pursuant to an order issued by the Middle District of Florida in the case *Stansell v. Revolutionary Armed Forces*, Case No. 8:09-cv-2308-T-26MAP ("Turnover Order"). *Id.* The Plaintiffs in this matter were also involved in the *Stansell* action and had opposed the Turnover

1

Order.  Wells Fargo argues that because the assets at issue have already been adjudicated in the Middle District, and because none of the above events transpired in the Southern District of Florida, it would be in the interest of justice to transfer this case to the Middle District.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  As such, this Court must first consider whether this case could have been brought in the Middle District.  Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  Plaintiffs allege that Wells Fargo breached its "duty to defend" Plaintiffs against the *Stansell* proceedings, which took place in the Middle District.  *See* Compl. ¶ 1; *see also id.* ¶ 71d (alleging that Wells Fargo breached its fiduciary duty when it "failed to raise . . . any of the several available valid defenses to the writ of garnishment" issued in the Middle District that required Wells Fargo to withhold the JAMCE assets from Plaintiffs).  The Court consequently finds that the Middle District is a proper venue under § 1391(b)(2).

Once a court determines that venue in the transferee district is proper, the court has broad discretion to decide whether to transfer the case for the convenience of the parties and in the interest of justice.  *See Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. 1981) (*per curiam*) (citing *Bearden v. United States*, 320 F.2d 99, 101) (5th Cir. 1963)).  Here, none of the Parties in the case call the Southern District home, nor have the Parties represented that there are important witnesses residing in the Southern District.[1]  Furthermore, the Middle District has a strong

---

[1] Plaintiffs state in the Complaint that Miriam Sutherlin is a resident of New Mexico; Luis Sutherlin is a resident of California; Jaime Saieh is a resident of Colombia; and Moises Saieh is a resident of Colombia.  *See* Compl. ¶¶ 5–10.  Plaintiffs have filed a Motion for Leave to File an

2

interest in handling this matter, as it has already dealt with the issues in this case. Courts routinely transfer cases to districts where the court had handled related litigation and is familiar with the relevant issues. *See, e.g., Regents of the Univ. of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (affirming transfer); *Pueblo v. Nat'l Indian Gaming Comm's*, 731 F. Supp. 2d 36, 40 (D. D.C. 2010) (transferring venue). "[J]udicial economy also supports the transfer of cases to a court that has dealt with the same major issues in other cases." 15 Charles Alan Wright et al., Federal Practice & Procedure § 3854. *See also Weinberger v. Tucker*, 391 F. Supp. 2d 241, 245 (D. D.C. 2005) (finding that "the interests of justice strongly support a transfer to the court that reviewed and decided the prior litigation between the parties and their privies").

While a plaintiff is entitled to some deference with regard to his choice of forum, a plaintiff's "chosen venue will receive less deference [if they] have selected a forum which is not their home forum." *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003) (granting motion to transfer); *see also Cellularvision Tech. & Telecomms., L.P., v. Alltel Corp.,* 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) (holding that a plaintiff is entitled to "only minimal deference" where the forum state is not his home). Here, this deference is not strong enough to outweigh the balance of factors in favor of transfer.

Plaintiffs responded Wells Fargo's Motion in one paragraph of their Response (ECF No. 21) to Wells Fargo's Motion to Dismiss. Plaintiffs state that the "motion for transfer is not well founded" but fail to address the specific arguments raised by Wells Fargo. "[A] litigant who fails to press a point by supporting it with pertinent authority forfeits the point." *Donahay v. Palm*

---

Amended Complaint (ECF No. 28), which is currently pending before the Court. In Plaintiffs' Proposed Amended Complaint (ECF No. 28-1), they state that Luis Sutherlin is a resident of New Mexico. However, any changes in the Amended Complaint are irrelevant for purposes of the Motion to Transfer.

*Beach Tours & Transportation*, 2007 WL 1119206, at *2 (S.D. Fla. April 16, 2007) (citations omitted).  Plaintiffs' only citation to authority is to an order in the related *Stansell* case (ECF No. 25), which denied a motion for the court to intervene to enjoin a state court action pursuant to the All Writs Act.  As Wells Fargo notes in its Reply (ECF No. 27), the *Stansell* Order is not relevant to the issue of venue transfer.

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant Wells Fargo's Motion to Transfer Venue is GRANTED.  The Clerk of Court is DIRECTED to immediately transfer this action to the United States District Court for the Middle District of Florida.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of July, 2017.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record